UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAILA BEACH,

Plaintiff,

vs.

THE CITY OF NEW YORK, NEW YORK POLICE
DEPT., POLICE OFFICER GENAMO DOWLING
(TAX ID 915640) and POLICE OFFICERS JOHN
DOES #1-10, in their individual and official capacities,

Defendants.

Civil Case No.
Jury Demand

Plaintiff, MAILA BEACH, ("BEACH" and "Plaintiff") by and through her attorneys, The

Aboushi Law Firm, PLLC, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. On April 24, 2021, at approximately 7:00pm, Plaintiff joined a protest on the Brooklyn
   Bridge when Defendants falsely arrested Plaintiff, beat her, stripped her of her clothing and
   forced her to remain nearly naked as they walked her over the Brooklyn Bridge and waited
   for an NYPD van to take her to central booking for processing. Plaintiff now brings her
   action for violations of her rights under the federal and state constitutions and state
   common law

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, seeking redress for
   violations of the First, Fourth, and Fourteenth Amendments of the United States
   Constitution, New York State constitutional provisions, and state common law.

1

3.   This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3–4), and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as at least one of the Defendants resides in this district and a substantial part of the events and/or omissions were committed in this district.

## **THE PARTIES**

5.   The Plaintiff MAILA BEACH is a female and a resident of the City of New York.

6.   Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.   Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

8.   Upon information and belief, Defendant GENAMO DOWLING (TAX ID 915640) is a resident of New York, a police officer and agent for the NYPD and City of New York, and at all times was acting within his official capacity as a police officer, including but not limited to, taking action as a police officer, in uniform, while displaying a gun and a badge

9.   That at all times hereinafter mentioned, the Defendant New York City Police Officers "John Does 1-10" (collectively, "Defendant 'John Doe' Police Officers" or "Defendant

Officers"), were duly sworn Police Officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times relevant to this action, the Defendant New York City Police Officers "John Does 1-10", either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## **FACTUAL ALLEGATIONS**

11. On April 24, 2021, at approximately 7:00pm on the Brooklyn Bridge, Plaintiff was peacefully protesting, as is her constitutional right, when Defendant Dowling and approximately seven (7) John Doe Police Officers unlawfully detained, assaulted and stripped Plaintiff nearly naked.

12. Prior to Defendant Officers lunging and attacking Plaintiff, she advised Defendant Officers that she is epileptic and prone to seizures. Plaintiff also informed Defendant Officers that she takes prescription medication for her Epileptic affliction.

13. Despite the foregoing, Defendant Officers threw Plaintiff to the ground and attacked Plaintiff with their arms, hands and batons and beat Plaintiff about her head and body.

14. Immediately after beating Plaintiff, they restrained her using excessively tightened zip ties. Defendants deliberately tightened the zip ties to the point where Plaintiff lost feelings in her fingers. She asked the officers to loosen the zip ties and they refused.

15. While assaulting Plaintiff, Defendant Officers, including Defendant Dowling, pulled Plaintiff's shirt over her head exposing her stomach and bra. Plaintiff pleaded with the officers to pull her shirt back down and they refused while continuing to laugh and harass her.

16. Defendant Officers then lifted Plaintiff off of the ground and pushed Plaintiff across the Brooklyn Bridge with her shirt pulled behind her neck. Plaintiff pleaded with Officers to pull her shirt back down before she continued walking and they refused, while mocking her.

17. As Plaintiff was walking across the bridge with her shirt lifted over her head, Defendant Officers then pulled her pants down to her ankles exposing Plaintiff's buttocks and genitals.

18. Plaintiff again pleaded with the Defendant Officers to pull her pants back up and they refused while continuing to mock and humiliate her.

19. Plaintiff was distraught, humiliated and completely abused by the Defendants. While standing nearly naked in public among several officers, the Defendant officers demanded and forced Plaintiff to walk from the middle of the Brooklyn Bridge to its end.

20. Upon exiting the bridge, Plaintiff continued to plead with the Defendant Officers to allow her to clothe herself, or in the alternative, have a female police officer clothe her, and they refused.

21. Defendant Officers forced Plaintiff to stand nearly naked for approximately fifteen minutes before they pulled her shirt down and pants up. Defendant Officers haphazardly clothed Plaintiff before putting her in the transport van, and despite Plaintiff advising Defendant Officers that her pants were falling down again because they did not actually pull them up completely, they refused to help her or find a female police officer to help.

22. Upon arriving at the 79th precinct for processing and exiting the transport van, Plaintiff's pants fell to her ankles. Defendant Officers continued to ridicule Plaintiff as they forced her to stand with her buttocks and genitals exposed, before finally finding a female police officer to assist her.

23. Defendants' willful disregard for Plaintiff's rights is a result of a policies, customs, and procedures that enable excessive force and are aimed at inhibiting lawful protests.

24. Defendant City of New York has failed to train and has inadequately trained officers, including Defendant Officers on how to interact with protestors.

25. As a result of the policy, custom and practice aimed at inhibiting lawful protests and encouraging the use of excessive force, New York Attorney General Letitia James held a 2-day hearing on New York City Police Department's Response to Demonstrations wherein she found police officers "using excessive force against protesters, including use of batons and indiscriminate use of pepper, brandishing firearms at protesters, and pushing vehicles or bikes into protesters.".[1]

26. Indeed, the NYPD has responded to protests by using unlawful force and arrest as a matter of policy and has done so on many occasions throughout the years as issues of racial justice gripped our nation.

27. Defendants knew that NYPD Officers would encounter protests against police brutality, particularly after the killing of George Floyd, a Black man choked to death by police in Minneapolis.

28. Defendants had notice, by way of media, social media, reports by the Civilian Complaint Review Board, Department of Investigation and others, that NYPD Officers engaged in unlawful behavior against protestors and protests in the past using excessive force, crowd disruption tactics and arrests lacking probable cause.

---

[1] https://ag.ny.gov/sites/default/files/2020-nypd-report.pdf

29.  Defendants knew that without intervention or sufficient training, NYPD Officers would again rely on similar tactics. Nevertheless, Defendants knowingly deployed thousands of insufficiently trained NYPD Officers to police the Protests.

30.  There have been numerous documented incidents in the last several months where, as here, the NYPD responded to peaceful protests by using excessive/unlawful force and arresting peaceful protesters.[2]

31.  In its report, the Department of Investigation ("DOI"), found that "outside of SRG, the NYPD deployed officers who largely lacked any recent training related to protests…the DOI found that the NYPD offered no comprehensive in-service training across the Department that related to policing protests at all and the NYPD lacked standardized, agencywide, in-service training related to policing protests."[3]

32.  The DOI further concluded that the new training provided was deficient because "that scenario-based training appears focused solely or primarily on crowd control tactics and formations with no discernable reference to managing interactions, facilitating First Amendment rights, and minimizing the use of force."[4]

33.  In addition to failing to train NYPD officers, the Defendant City deployed the Strategic Response Group ("SRG"), a heavily militarized, rapid-response unit of several hundred officers tasked with dealing with public disorder events and terrorist acts.

---

[2] See https://legalaidnyc.org/news/lawsuit-mayor-nypd-police-brutality-during-protests/ and https://www.hrw.org/news/2020/09/30/us-new-york-police-planned-assault-bronx-protesters

[3] https://www1.nyc.gov/assets/doi/reports/pdf/2020/DOIRpt.NYPD%20Reponse.%20GeorgeFloyd%20Protests.12.18.2020.pdf

[4] *Id.*

34.  In its law suit against the NYPD for its use of excessive and unlawful force against protestors, Attorney General, Letitia James, stated "SRG officers are not only inadequately trained to respond to peaceful protests, but their training in terrorism response, which necessarily requires aggressive tactics and extreme force, is almost certain to result in constitutional violations when applied to peaceful protesters."[5]

35.  Defendant City's refusal to address the abuses of protestors by Police is the result of a policy, custom, and procedure of the City that encouraged the use of excessive force, arrest and imprisonment of protestors and to suppress First Amendment-protected activities by using these abusive tactics, such as those used against Plaintiff.

36.  Defendants failed to discipline the vast majority of NYPD Officers who used excessive force against Protest attendees.

37.  Out of thousands of complaints of excessive force and abuse of authority received by the CCRB, less than a third are fully investigated leaving the overwhelming majority of officers without accountability.[6]

38.  Defendants' conduct had the desired effect of chilling and inhibiting Plaintiff from exercising her right to protest.

39.  Plaintiff is terrified of police and is scared to protest and exercise her rights to protest, free speech and to assemble.

40.  Plaintiff suffered fear and apprehension as a result of the Defendants' conduct and said conduct caused her great alarm and fear for her personal safety, fear of injury and death.

---

[5] https://ag.ny.gov/sites/default/files/filed_complaint_ny_v_nypd_1.14.2021.pdf

[6] https://www1.nyc.gov/site/ccrb/policy/data-transparency-initiative-complaints.page#complaint_fado

41. Plaintiff's injuries include severe permanent emotional, physical and psychological trauma and injury.

42. As a result of the foregoing, Plaintiff Maila Beach sustained, *inter alia*, physical and mental injuries, emotional distress, embarrassment, deprivation of property, humiliation, and deprivation of her constitutional rights.

## FIRST COUNT

### Excessive Force
### Under 42 U.S.C. § 1983 and New York State Law

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual Defendants and their agents, servants and employees, were carried out under the color of state law. Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

45. Each Defendant, intentionally and/or recklessly used and attempted to use unreasonable, unlawful and/or excessive force on Plaintiff, including but not limited to, striking and stripping Plaintiff, thereby depriving Plaintiff of her right to be free from assault, battery, the use of unreasonable, unlawful, excessive, and improper force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, NYS Constitution, New York State laws, and the common laws of New York.

46. The aforementioned individual Defendants in their official capacities as Police Officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.

47. The Defendant officers, while acting in the scope of their employment as police officers

and as agents for the Defendant the "City" and "NYPD", without just cause or provocation and with great force and violence, grabbed, struck, punched, beat, stripped and zip tied Plaintiff.

48. The Officer(s)' conduct and their use of force was far in excess of any force necessary to effect an arrest, to maintain control and/or control Plaintiff, individually and collectively or their person(s).

49. Defendants' actions were without any legal justification, and the force used upon Plaintiff was excessive, unwarranted, inappropriate, reckless, negligent and wholly improper.

50. Defendants' use of force against Plaintiff was not justified as she posed no threat to the Defendants that required the use of force used against her.

51. Defendants' actions caused Plaintiff to fear for her life and safety, and at no point was any of the contact and attempted contact consensual or privileged.

52. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was subject to unlawful excessive force, stripped, seized and was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

53. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND COUNT

### Unlawful Search and Seizure and False Arrest and Imprisonment
### Under Federal and New York State Law

54. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55. That on the 24th day of April, 2021, at the approximate hours of 9:00 P.M., the Defendants, and their agents, servants and/or employees intentionally handcuffed, arrested and imprisoned Plaintiff, without any just cause or grounds therefore.

56. Plaintiff was wholly innocent and was forced to submit to the aforesaid arrest and imprisonment entirely against her will.

57. The Defendants, their agents, servants and/or employees, as set forth above, intended to seize, handcuffed and arrest the Plaintiff; Plaintiff was conscious of her arrest and confinement; did not consent to her arrest and confinement; and the arrest and confinement was not otherwise privileged.

58. Plaintiff was subject to illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

59. Defendants are liable to Plaintiff because they detained Plaintiff without probable cause or reasonable suspicion.

60. The Defendant officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

61. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

62. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD COUNT

### Failure to Intervene

63. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64. The Defendants collectively had an affirmative duty to intervene on the Plaintiff's behalf to prevent the violation of her constitutional rights. Each of the Defendant-Officers engaged in the use of excessive force and assault of the Plaintiff.

65. While each Defendant-Officer was engaged in the use of excessive force and the violation of Plaintiff's rights as alleged herein, those who were not using force against Plaintiff failed to intervene to prevent the use of excessive force in violation of Plaintiff's rights, despite an opportunity to do so.

66. The Defendant-Officers watched as Plaintiff was unlawfully subjected to excessive, unnecessary and unlawful force, stripped naked and forced to walk across part of the Brooklyn Bridge then remained surrounded by several male officers for an extended period of time before processing her arrest.

67. Each Defendant had an opportunity to intervene as the use of excessive, unnecessary and unlawful force was being deployed against Plaintiff in front of them and within their immediate area. Each Defendant failed to instruct other officers not to use force or physically restrain the officers from using force.

68. Rather than intervene to stop the use of excessive force and the violation of Plaintiff's rights as alleged in this Complaint and as the law requires, the Defendant Officers did nothing.

69. The Defendants collectively failed to intervene on Plaintiff's behalf in order to prevent the

violation of her constitutional rights despite having had a realistic opportunity to do so.

70. The Defendants collectively failed to intervene on Plaintiff's behalf in order to prevent the violation of her constitutional rights despite having substantially contributed to the circumstances within which the Plaintiff's rights were violated by their affirmative conduct.

71. Defendants instead mocked, laughed and were entertained by the humiliation and degradation of Plaintiff.

72. Defendants observed Plaintiff calling for help in that her zip ties were extremely tight causing her to lose sensation in her hands.

73. Defendant Officers observed the unlawful use of force against Plaintiff several times although Plaintiff told them she was epileptic and took medication for her condition.

74. Defendant Officers, numbering at least seven (7) and including Defendant Dowling, were present as Plaintiff was essentially stripped naked and forced to walk across the Brooklyn Bridge and as they waited for an NYPD transportation van. None of said Officers intervened to stop the egregious abuses Plaintiff was subjected to.

75. The Defendant officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

76. As a result of the aforementioned conduct of the individual Defendants, Plaintiff's constitutional rights were violated.

77. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional

distress, anguish, anxiety, fear, humiliation, loss of freedom.

78.   As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH COUNT

### Assault and Battery Under Federal and New York State Law

79. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

80. The Defendant officers, while acting in the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD", without just cause or provocation and with great force and violence, grabbed, struck, punched, beat, stripped and zip tied Plaintiff.

81. The Officer(s)' conduct and their use of force was far in excess of any force necessary to effect an arrest, to maintain control and/or control Plaintiff, individually and collectively or their person(s).

82. The assault and battery of Plaintiff was not justified, physical contact was not privileged and partially took place while Plaintiff was placed in zip ties.

83. Among other things as described above, Defendants' search and seizure, and use of force against Plaintiff placed her in fear of imminent harmful and offensive physical contacts.

84. That the Defendants, their agents, servants and/or employees, including unknown police officers, and the arresting officers, acting as agents on behalf of the Defendant "City" and/or "NYPD", within the scope of their employment, intentionally, willfully, and maliciously assaulted and battered Plaintiff, in that they had the real or apparent ability to cause imminent harmful or offensive bodily contact and intentionally did an act which

threatened to and did cause such contact to Plaintiff.

85. Defendants grabbed Plaintiff and beat her about her head and body causing her to suffer substantial injuries. Defendants continued said assault and battery after Plaintiff made them aware she was epileptic. Plaintiff's arrest was without probable cause or basis.

86. Defendants used unlawful force upon Plaintiff, including striking her with such force that she suffered serious and likely permanent physical and psychological injuries including a concussion from the blows.

87. The Defendant officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

88. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

89. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FIFTH COUNT

### *Monell* Liability, Negligent Supervision, Hiring, Monitoring, Training and Retention of Employees

90. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91. At all relevant times, Defendant City of New York and NYPD was the employer of the individual Defendant officers, and these individual Defendants were acting as its agents, servants and employees.

92. At all relevant times, Defendant City of New York maintained the New York City Police Department which acts under the direction and supervision of the aforementioned municipal corporation, City of New York.

93. Defendant City of New York failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual Defendants, and failed to provide the appropriate safeguards to prevent the excessive force, assault, harassment, negligence, and collective violation of the Plaintiff's rights.

94. Defendants failed to adequately train and supervise the NYPD Officers who assaulted, battered, falsely imprisoned, and/or negligently injured Plaintiff.

95. Defendant City of New York and NYPD acted under color of law pursuant to an official policy or custom and practice of the Defendant City of New York and NYPD and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the Constitutional violations alleged above in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New York.

96. Defendant City of New York and NYPD had knowledge of, or had they diligently and reasonably exercised their duties to instruct, supervise, control, monitor and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

97. Defendant City of New York and NYPD, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual Defendant police officers named herein.

98. Defendant City of New York is liable to Plaintiff because the occurrence and injuries sustained by Plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of Defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of Plaintiff contributing thereto, specifically, the negligent and reckless manner in which said Defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

99. The individual Defendants were acting within the scope of their employment as New York City Police Officers when they committed the above-described acts against Plaintiff, including falsely arresting, assaulting, and battering Plaintiff.

100. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

101. In addition, the City of New York and the NYPD and the Defendant-Officers acted under color of law pursuant to an official policy or custom and practice of the NYPD whereby the use of unlawful and excessive force was permitted, tolerated, and condoned, and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control, monitor, and discipline on a continuing basis their employees, agents and/or servants and/or otherwise failed to prevent the individual Defendants from unlawfully using excessive force upon Plaintiff and violating her rights to protest and free speech.

102. The City failed to train its officers on how to deal with protesters exercising their constitutional rights, and to not use force upon them or unlawfully discourage same.

103. The City of New York also failed to train its officers that if they see other officers engaged in misconduct/unlawful activity, such as the unlawful use of force and inhibiting the exercise of free speech, protest, and assembly in this matter, they must intervene to prevent it.

104. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

105. Furthermore, the City of New York failed to train its officers in the right to protest, freedom of speech, and assembly, such that its officers violated Plaintiff's rights herein.

106. In reckless disregard for Plaintiff's rights, Defendants failed to supervise their officers and train them so as to avoid the violation of Plaintiff's rights protected by NYS and US Constitutions.

107. In fact, Defendants imposed a policy whereby they encouraged their officers to use unlawful force and other cations described herein in order to chill Plaintiff's rights, retaliate against her, and dissuade her from exercising her rights.

108. The City is on notice that its officers have continually violated the rights of protesters, yet has done nothing to hold any officer accountable, impose any training, and instead encouraged officers to continue to use unlawful tactics such as the ones described herein, with the explicit goal of violating Plaintiff's rights and the exercise of same.

109. The Defendant Officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of

New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

110. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH COUNT

### Intentional Infliction of Emotional Distress

111. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

112. Collective Defendants' actions were undertaken under color of law and would not have existed but for Defendants using their official power.

113. Defendants' conduct was extreme and outrageous in that in Plaintiff had told them she was epileptic before they grabbed her and Defendants still threw her to the ground and beat her across her body including her head.

114. Defendants' conduct was extreme and outrageous in that they Defendant Officers pulled Plaintiff's shirt over her head and pulled her pants down then made her walk across the Brooklyn Bridge nearly naked.

115. Defendants' conduct was extreme and outrageous in that the Defendant Officers forced Plaintiff to stand nearly naked while they waited for an NYPD transportation van and again while she awaited processing at central booking.

116. Defendants' actions were part of an accepted policy, pattern and practice of the NYPD to retaliate against protestors through means of aggressive, excessive and demeaning tactic and inhibit their first amendment right.

117. Through their unlawful and negligent actions and failure to intervene Defendants acted

with intent to cause, or disregard of a substantial probability of causing, severe emotional distress to Plaintiff and did in fact cause severe emotional distress to Plaintiff.

118. The Defendant officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

119. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

120. As a result of Defendants' unlawful conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**SEVENTH COUNT**

**Negligent Infliction of Emotional Distress**

121. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

122. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

123. The aforementioned conduct was committed by employees, servants and/or agents of Defendant City of New York while acting within the scope of their employment.

124. The aforementioned conduct was committed by employees, servants and/or agents of Defendant City of New York while acting in furtherance of their employment.

125. The aforementioned conduct was unnecessary, intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

126. The aforementioned conduct was negligent and caused severe emotional distress to Plaintiff.

127. Defendants are liable to Plaintiff because Defendants owed Plaintiff a cognizable duty of care as a matter of law and breached that duty, particularly as Plaintiff made it known to Defendants that she was epileptic and despite knowing said information, Defendant Officers threw her to the ground and beat her about her head and body.

128. Through their unlawful and negligent actions and failure to intervene, as more fully described above, the Defendant Officers intentionally and/or negligently inflicted emotional distress upon the Plaintiff.

129. The Defendant officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

130. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

131. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**EIGHTH COUNT**

**Negligence**

132. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

133. Defendant Officers threatened to inflict offensive physical contact or bodily harm on

Plaintiff that put her in immediate danger of, or in apprehension of, such harm or contact by beating her about her face and body despite Plaintiff advising them that she is epileptic, and forcing her to walk the Brooklyn Bridge essentially naked.

134. Defendants are liable to Plaintiff because Defendants owed Plaintiff a cognizable duty of care as a matter of law and breached that duty, particularly as Plaintiff made it known to Defendants that she was epileptic and despite knowing said information, Defendant Officers threw her to the ground and beat her about her head and body.

135. Defendants were negligent in how they treated Plaintiff. Defendant Police Officers owed a special duty of care to Plaintiff, who they injured or who they witnessed being injured by other NYPD Officers, they violated this special duty by failing to intervene to prevent injury, and by failing to seek and/or provide medical aid to her.

136. The Defendant officers were acting within the scope of their employment as police officers and as agents for the Defendant the "City" and "NYPD" and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

137. As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

138. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### NINTH COUNT

**Violation of Free Speech and Freedom of Assembly
Under Federal and New York State Law**

139. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above

paragraphs with the same force and effect as if fully set forth herein.

140. Defendant NYPD Officers violated the constitutionally-protected activities of speech, assembly and expressive conduct and retaliated against Plaintiff having engaged in said activities by assaulting, battering, detaining and stripping her.

141. Plaintiff was peacefully protesting police brutality when, without legal justification, Defendant NYPD Officers used physical force and detention to prevent and deter her from exercising her rights under the New York State and U.S. constitutions and stripped her clothing to further chill her constitutionally protected activities.

142. The NYPD's unconstitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by Defendant.

143. Defendant City of New York and NYPD Officers  acted under color of law pursuant to an official policy or custom and practice of the Defendant City of New York and NYPD and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the Constitutional violations alleged above in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New York.

144. Defendant, City,  sanctioned, encouraged and implemented policies and practices policies, practices, and/or customs of punishing conduct of protest attendees protected by the First Amendment in retaliation for, and in order to prevent Plaintiff from further, exercising those rights, as detailed above.

145. Defendants have repeatedly had notice that NYPD Officers' training and supervision were inadequate and likely to result in constitutional violations based on complaints of First Amendment violations at large-scale protests within the last two decades, as documented in reports, lawsuits, and CCRB complaints.

146. Defendant's acts and omissions have directly and proximately chilled and thus violated the First Amendment Rights of Plaintiff. By acting under the color of state law to deprive Plaintiff of her rights under the First Amendment, Defendants violated 42 U.S.C. § 1983, and the constitution of the State of New York, which prohibits the deprivation under color of state law of those rights secured by the United States Constitution.

147. Defendant NYPD Officers were acting within the scope of their employment, were acting as the agents, servants and employees of Defendant City of New York, as the employer of the NYPD officers and therefore Defendant City of New York, as the employer of NYPD Officers, is responsible for the wrongdoing of NYPD Officers under the doctrine of respondeat superior.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages against the individual Defendant-Officers where permissible by law;

(c) interest, both pre-judgment and post-judgment;

(d) a declaration that Defendant's violated the rights of Plaintiff;

(e) an Injunction/Order prohibiting the Defendants from violating the rights of protesters, and amending their policies to inhibit the violation of rights as alleged herein;

(f) attorney's fees and costs; and

(g) all other such relief as this Court may deem appropriate, equitable, and just

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

Dated: August 10, 2021

Respectfully Submitted,

By: _____
Tahanie A. Aboushi, Esq.
THE ABOUSHI LAW FIRM. PLLC

*Attorneys for Plaintiff*
1441 Broadway, Fifth Floor
New York, New York 10018
Telephone: (212) 391-8500
Facsimile: (212) 391-8508
Tahanie@Aboushi.com

## <u>VERIFICATION</u>

STATE OF NEW YORK     )
                           ) ss.
COUNTY OF NEW YORK  )

     I, MAILA BEACH, the undersigned, being duly sworn and under penalty of perjury, state that I am the Plaintiff in this action, and that I have read the foregoing Verified Complaint and know the contents thereof. The contents of the foregoing Verified Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Maila J. Beach

Subscribed and Sworn to Before Me
This 10th day of August, 2021

_____
NOTARY PUBLIC

JIANLING HU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HU6377382
Qualified in Queens County
My Commission Expires 07-02-20__

25