

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __April 11, 2022__

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

NADINE IBRAHIM
*Senior Counsel*
E-mail:nibrahim@law.nyc.gov
Phone: (212) 356-5037
Fax: (212) 356-3509

March 15, 2022

**BY ECF**
Honorable Andrew L. Carter
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

      Re:    Maila Beach v. City of New York, et al.,
                21-CV-6737 (ALC) (SC)

Your Honor:

      I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter. The City writes pursuant to the Court's Order dated March 1, 2022, directing defendant City to file a status letter indicating whether the City still seeks a stay of the entire civil proceeding. Defendant City respectfully request that the stay of the proceeding in its entirety continue pending the outcome of the CCRB investigation and to allow the parties to engage in motion practice.

      Due the ongoing nature of the CCRB investigation, defendant City still faces the same issues in its inability to investigate plaintiff's claims and determine representation issues. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the ongoing CCRB investigation, this Office cannot make a determination at this time as to whether each officer "was acting within the scope of his public employment," nor whether this Office can represent each defendant in the current action. Not only would interviewing the officers during the pendency of the CCRB investigating cause potential conflicts of interest, officers are typically represented by their union counsel during CCRB investigations and will be prohibited from discussing the incident.

Moreover, the City still believe this case has no merit based on the body-worn camera videos (hereinafter "BWC"); and as such the City believes a motion to dismiss would be fully dispositive in this case. After serving plaintiff with the BWC pursuant to this Court's Order on January 25, 2022 and conferring with plaintiff's counsel regarding her position, defendant City plans on serving plaintiff with a safe harbor letter to allow her to withdraw her claims that are so clearly contradicted by the BWC.

Should plaintiff choose not to withdraw her frivolous claims, defendant City plans on filing a pre-motion conference letter pursuant to the Court's individual rules. Defendant seeks the Court's guidance as to whether the Court will take judicial notice of the BWC as part of a Rule 12(b)(6) motion, or if the Court would like defendant City to answer the Complaint first and then file a Rule 12(c) motion incorporating the BWC by reference.

Based on the foregoing, the undersigned respectfully requests that the Court continue the stay of this entire proceeding pending the conclusion CCRB investigation into the underlying incident and motion practice by the parties.

Defendant thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Nadine Ibrahim*  /s/
Nadine Ibrahim
*Senior Counsel*
Special Federal Litigation Division

cc:   Tahani Aboushi, esq (By ECF)
      *Attorney for Plaintiff*

After reviewing the parties' submissions, the request for a stay of the entire civil proceeding is hereby **DENIED**. The limited stay of discovery implicated by the CCRB investigation and previously ordered by this Court shall continue. The Court takes no position on whether Defendant pursues a motion under Rule 12(b) or Rule 12(c). Defendant shall file any pre-motion conference request no later than **April 18, 2022**. Plaintiff shall have three business days to respond. Defendant shall also provide a status report regarding the CCRB investigation no later than **April 25, 2022**. The Clerk of Court shall terminate the letter motion at ECF No. 12.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**Dated**: April 11, 2022