

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

NADINE IBRAHIM
*Assistant Corporation Counsel*
E-mail: nibrahim@law.nyc.gov
Phone: (212) 356-5037
Fax: (212) 356-3509

April 18, 2022

**BY ECF**
Honorable Andrew L. Carter
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Maila Beach v. City of New York, et al.,
                21-CV-6737 (ALC) (SC)

Your Honor:

      I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter. Defendant writes in accordance with the Court's individual rules in order to request a pre-motion conference in advance of the City's motion to dismiss all claims with prejudice pursuant to Rule 12(b)(6) and/or Rule 12(c). Defendant conferred with plaintiff's counsel, Tahanie Aboushi, Esq., regarding withdrawing her claims in this case that are so clearly contracted by body-worn camera videos (hereinafter "BWC") but plaintiff refused. The City now seeks the Court's permission to file a motion to dismiss plaintiff's claims in their entirety based on the BWC videos.

      *A.  Plaintiff's Federal and State Law False Arrest Claims Fail*

      The existence of probable cause is a complete defense to claims for false arrest and imprisonment under state and federal law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "Probable cause is established 'when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (citing O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993)). Plaintiff's presence on the Manhattan bound traffic lane of the Brooklyn Bridge is prohibited under Chapter 4-12 (o)(1) of New York City Traffic rules; therefore, there was probable cause for plaintiff's arrest.

### B.  *Plaintiff's Federal and State Law Unlawful Search and Seizure Claims Fail*

The United States Supreme Court has held that a detention in the nude is objectively reasonable as long as it was not prolonged or any longer than necessary, and there was a legitimate law enforcement objective for it. L.A. County v. Rettele, 550 U.S. 609, 615 (2007) (per curiam). Here, Plaintiff's brief detention in the partial nude was objectively reasonable because there was a legitimate law enforcement objective to secure the chaotic scene and ensure no one else on the bridge presented a danger. Plaintiff's detention in the partial nude was not prolonged or any longer than necessary; only seventy nine seconds elapsed between the time plaintiff first indicted her pants were falling down as officers were walking her to the police van and the time they reached the police van and pulled up plaintiff's pants after donning gloves.

### C.  *Plaintiff's Claims for Excessive Force, Assault and Battery Fail*

Under New York law, assault is "an intentional placing of another person in fear of imminent harmful or offensive contact, while battery is the "intentional wrongful physical contact with another person without consent". Charles v. City of New York, 2014 U.S. Dist. Lexis 46741, at *35 (S.D.N.Y 2014) (citing Girden v. Sandals Int'l, 262 F.3d 193, 203 (2d Cir. 2001). Nonetheless, "where there has been a lawful arrest, intentional contact with the arrested person does not constitute assault and battery, provided [the] force is reasonable." Cunningham v. United States, 472 F. Supp.2d 366, 381 (E.D.N.Y. 2007). Here, plaintiff's arrest was supported by probable cause as previously discussed *supra,* therefore, officers were entitled to use reasonable force to take plaintiff into custody.

Further, Courts use the Cugini test in evaluating the reasonableness of a handcuffing: that "(1) the [arrestee's] handcuffs were unreasonably tight; (2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and (3) the degree of injury to the [arrestee's] wrists." Cugini v. City of N.Y., 941 F.3d 604, 612-13(2d Cir. 2019). Here, plaintiff first complained about her cuffs being too tight 37 minutes after she was placed into the police van on the way to the precinct. Once she asked officers to loosen her cuffs, an officer repeatedly apologized to her and told her they would replace her cuffs once it was safe to stop, after they got off the bridge. Once they got off the bridge, an officer immediately pulled the police van over and replaced her cuffs as promised; 24 minutes after she first complained.

### D.  *The Officers are Also Entitled to Qualified Immunity*

Similarly, to the extent plaintiff's actions somehow falls short of probable cause, the individual officers are still entitled to qualified immunity. The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Even where a right is well established, defendants may enjoy qualified immunity if it was objectively reasonable for them to believe that their acts did not violate that right.  Robinson v. Via, 821 F.2d 913, 920 (2d Cir. 1987).  Here, it cannot be said that no reasonable officer would have arrested plaintiff.

### E.  *Plaintiff's Claim for Failure to Intervene Fails*

There can be no failure to intervene claim where there was no constitutional violation. Feinberg v. City of New York, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends.") (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Therefore, plaintiff's failure to intervene claim must fail.

### F. *Plaintiff's First Amendment Retaliation Claim Fails*

Generally, probable cause defeats a first amendment retaliation claim because it shows that the motivation for the arrest may not have been the denial of protected speech. See e.g. Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (2019) ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."). As discussed *supra*, there was probable cause for officers to arrest plaintiff so her First Amendment Retaliation claim must fail.

### G. *Plaintiff's Intentional/Negligent Infliction of Emotional Distress Claims Fail*

Claims for infliction of emotional distress are meant to address claims not specifically addressed by other available causes of action and are generally not allowed where a claim falls under more traditional tort liability. Moore v. City of N.Y., 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (granting defendants summary judgment and dismissing plaintiff's claim of IIED as being encompassed by plaintiff's claims for assault, battery, and malicious prosecution) (quoting Hansel v. Sheridan, 991 F. Supp. 69, 75 (N.D.N.Y. 1998) (McAvoy, Chief Judge)). Both of plaintiffs emotional distress claims fail because the conduct claimed of is well within the ambit of traditional tort liability. Furthermore, "public policy bars claims sounding in intentional infliction of emotional distress against a government entity." Rivera v. City of N.Y., 392 F.Supp.2d 644, 657 (S.D.N.Y. 2005) (quoting Lauer v. City of N.Y., 240 A.D.2d 543, 659 N.Y.S.2d 57, 58 (2nd Dep't 1997)).

### H. *Plaintiff's Common Law Negligence Claim Fails as a Matter of Law*

It is well established in this circuit that "[W]hen a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." Busch v. City of New York, No. 00 CV 5211 (SJ), 2003 U.S. Dist. LEXIS 27571, at *21 (E.D.N.Y Sep 30, 2003), citing Dineen v. Stramka, 228 F.Supp. 2d 447, 454 (S.D.N.Y. 1993). In addition, it is established that New York law does not provide an alternate theory of liability for negligence in these cases and "plaintiff may seek recover only through the traditional tort remedies." Mesa v. City of New York, 2013 U.S. Dist. LEXIS 1097(S.D.N.Y. Jan. 3, 2013).

### I. *Plaintiff's Municipal Liability and Negligent Hiring, Retention, and Supervision Claims Fail*

As an initial matter, a municipality may not be held liable under Section 1983 on the basis of *respondeat superior*. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694-95 (1978). Rather, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries . . . Second, the plaintiff must establish a causal connection - - an "affirmative link: - - between the policy and

deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985)). In the instant matter, the complaint is void of any allegations setting forth any policies or customs of the City of New York that caused the alleged constitutional deprivations, instead, simply making conclusory statements that such policies, customs, or practices exist.

Plaintiff's claim of negligent hiring, retention, and supervision must also fail, as the City of New York is entitled to governmental immunity. See Gauthier v. Town of Bethlehem, 91-CV-628, 1993 U.S. Dist. LEXIS 16655, at *43 (N.D.N.Y. Nov. 24, 1993) (municipality entitled to immunity for discretionary decision to retain officer despite complaints filed against him).

For the foregoing reasons, Defendant respectfully requests that Your Honor schedule a pre-motion conference and set a briefing schedule.[1]

                                                    Respectfully submitted,

                                                    *Nadine Ibrahim* /s/

                                                    Nadine Ibrahim
                                                    Assistant Corporation Counsel
                                                    Special Federal Litigation Division

cc:      Tahani Aboushi, Esq (By ECF)
           *Attorney for Plaintiff*

---

[1] Defendant submits that there may be additional grounds under which to move for dismissal and requests the opportunity to provide the same to the Court during the pre-motion conference or when their motion is filed.