Index No. 21-cv-6737 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAILA BEACH,

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(B)(6)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nadine Ibrahim*
*Tel: (212) 356-5037*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT............................................................................................................................ 1

    A.  The Court Should Consider The Video Evidence........................................... 1

    B.  Plaintiff's Arrest Was Lawful........................................................................ 2

    C.  Plaintiff Has Not Sufficiently Pled an Excessive Force
       Claim............................................................................................................. 2

    D.  The Officers Are Entitled To Qualified Immunity For
       Plaintiff's False Arrest Claim ...................................................................... 4

    E.  Defendants Are Entitled To Qualified Immunity for
       Plaintiff's Excessive force claim.................................................................. 5

    F.  Plaintiff's Failure To Intervene Claim Fails ................................................ 6

    G.  Plaintiff Has Failed To Plausibly Allege Municipal
       Liability........................................................................................................ 7

    H.  Plaintiff's Emotional Distress Claims Are Not Properly
       Pled.............................................................................................................. 7

    I.  There Is No Notice Requirement For An Application For
      Costs Under §1927....................................................................................... 9

CONCLUSION........................................................................................................................ 11

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                        <u>**Pages**</u>

An v. City of New York,
   230 F. Supp.3d 224 (S.D.N.Y. 2017)..........................................................7, 8, 9

Ashcroft v. Iqbal,
   556 U.S. 662 (2008)..........................................................................................2

Baker v. City of New York,
   551 F. Supp. 3d 258 (S.D.N.Y. 2021).............................................................4

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)..........................................................................................2

Boykin v. City of New York,
   21-CV-1362 (DLC)(SDNY September 29, 2022)...........................................2

Case v. City of N.Y.,
   408 F. Supp. 3d 313 (S.D.N.Y. 2019)..............................................................3

Devenpeck v. Alford,
   543 U.S. 146 (2004)..........................................................................................3

Dinler v. City of New York,
   No. 04 Civ. 7921, 2012 U.S. Dist. LEXIS 141851, 2012 WL 4513352
   (S.D.N.Y. Sept. 30, 2012)..................................................................................4

EMA Fin., LLC v. 5barz Int'l, Inc.,
   No. 18-CV-4995 (VEC), 2019 U.S. Dist. LEXIS 230418
   (S.D.N.Y. Sep. 18, 2019)................................................................................10

Fana v. City of New York,
   No. 15-cv-8114 (PGG), 2018 U.S. Dist. LEXIS 51579, 2018 WL 1581680
   (S.D.N.Y. Mar. 27, 2018) ..................................................................................3

Feinberg v. City of New York,
   No. 99 Civ. 12127, 2004 WL 1824373 (S.D.N.Y. Aug. 13, 2004)...........................6

Garcia v. Doe,
   779 F.3d 84 (2d Cir. 2015)................................................................................5

Goodman v. City of New York, et. al.,
   14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063 (S.D.N.Y. Feb. 18, 2015)..................2

Hygh v. Jacobs,
   961 F.2d 359 (2d Cir. 1992)...............................................................................3

**Cases**                                                                                        **Pages**

Isaac v. City of New York,
    16 Civ. 4729 (KAM)(RLM), 2018 U.S. Dist. LEXIS 132995
    (E.D.N.Y. Aug. 6, 2018)......................................................................................................9

Johnson v. City of N.Y.,
2019 U.S. Dist. LEXIS 10867, at *2 (S.D.N.Y. Jan. 23, 2019) ....................................................4

Jones v. City of Hartford,
    285 F. Supp. 2d 174 (D. Conn. 2003)...................................................................................6

McLeod v. Llano,
    17 Civ. 6062 (ARR), 2019 U.S. Dist. LEXIS 39925 (E.D.N.Y. Mar. 12, 2019) ......................8

Nigro v. City of New York,
    19 Civ. 2369 (JMF), 2020 U.S. Dist. LEXIS 166316
    (S.D.N.Y. Sept. 11, 2020)..............................................................................................6, 7, 8

Nikci v. Quality Building Services,
    995 F. Supp.2d 240 (S.D.N.Y. 2013)...................................................................................1

Reynolds v. Giuliani,
    506 F.3d 183 (2d Cir. 2007)...............................................................................................8

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995)..................................................................................................3

Stewart Park & Reserve Coalition v. Slater,
    352 F.3d 545 (2d Cir. 2003)..............................................................................................10

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)...............................................................................................9

Zahra v. Town of Southold,
    48 F.3d 674 (2d Cir. 1995)..................................................................................................7

**Statutes**

34 R.C.N.Y. §4-12(o) .............................................................................................................2

28 U.S.C. § 1927......................................................................................................................10

42 U.S.C. §1983......................................................................................................................5

Fed. R. Civ. P 11......................................................................................................................10

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

## PRELIMINARY STATEMENT

Defendants hereby respectfully submit their Memorandum of Law in further support of their motion to dismiss plaintiff's First Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. For the reasons set forth in defendants' moving papers and herein, defendants' motion should be granted in its entirety and plaintiff's First Amended Complaint dismissed with prejudice.

## ARGUMENT

### A.     The Court Should Consider The Video Evidence

As an initial matter, contrary to plaintiff's erroneous assertions, defendants have produced to plaintiff all videos in defense counsel's possession that were referenced during the January 25, 2022 conference and of which the Court ordered production. Further, plaintiff has been in possession of the aforementioned videos, plus an additional 6 videos since September 10, 2021 by virtue of plaintiff's FOIL request[1]. While plaintiff now argues in her opposition that the Court should exclude the BWC videos from its consideration because plaintiff did not rely on these in pleading her claims, this is directly contradicted by statements plaintiff's counsel made to the Court as a reason to grant her request for leave to amend. See Dkt. No. 33, p.1 ("Plaintiff's First Amended Complaint will incorporate facts obtained from viewing all of the obtained BWC footage as provided for by Defendants"). Thus, the Court should consider the BWC videos because they have been relied on in plaintiff's drafting of the First Amended Complaint ("FAC") and are integral to the FAC. See Nikci v. Quality Building Services, 995 F. Supp.2d 240, 244 n.1 (S.D.N.Y. 2013) (considering video relied on in complaint and made a part of record in motion to dismiss briefing).

---

[1] While plaintiff argues in her response that the videos received from the FOIL Unit were edited to blur out faces of other protestors, this concern was never raised with the undersigned. Further, plaintiff's actions and her arrest are still clearly visible.

**B.**     **Plaintiff's Arrest Was Lawful**

Based on video evidence and plaintiff's own admissions in her FAC, it can be undisputed that plaintiff was using the roadway of the Brooklyn Bridge in violation of to 34 R.C.N.Y. §4-12(o).  See Goodman v. City of New York, et. al., 14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063, at *13 (S.D.N.Y. Feb. 18, 2015) (summary judgment granted where "the elements [of the criminal charges] are met by plaintiff's undisputed conduct as captured on the videotape."). Here, plaintiff fails to dispute plaintiff's conduct captured on video.   More significantly, plaintiff does not dispute that if there was probable cause to arrest pursuant to 34 R.C.N.Y. §4-12(o), such would defeat her false arrest and First Amendment retaliation claims.

Instead, plaintiff in her opposition baldly argues that there is a "public authority defense" applicable to her conduct because she now claims that the NYPD somehow authorized protestors to take over the Brooklyn Bridge on April 24, 2021.  Fatal to this argument, however, is that she has pled no facts in her FAC sufficient to meet the Iqbal plausibility standard as to such a defense to defeat the probable cause to arrest in this case. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). The Honorable Judge Cote recently rejected a very similar argument in Boykin v. City of New York, 21-CV-1362 (DLC)(SDNY September 29, 2022). In that case, plaintiff was arrested for being on his bicycle on the West Side Highway in violation of 34 R.C.N.Y. § 4-12(o) during a protest on May 30, 2020. The Court rejected Boykin's arguments that he was authorized by NYPD to be present on the roadway of the West Side Highway because the complaint lacked any allegations to support those arguments. As plaintiff's FAC also lacked any allegations to support her arguments, the Court should similarly reject her arguments here.

Further, as plaintiff concedes, the relevant probable cause inquiry is whether "the arresting

2

officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)).  As plaintiff also concedes, the probable cause inquiry is not limited to the offense actually invoked by the arresting officer, but upon the facts known at the time of the arrest that objectively provide probable cause for any offense. Devenpeck v. Alford, 543 U.S. 146, 153 (2004). Therefore, it is irrelevant whether plaintiff was authorized by NYPD to be present on the Brooklyn Bridge because officers still had probable cause to arrest plaintiff for other offenses such as failure to disperse and obstructing governmental administration (hereinafter "OGA").

Plaintiff also incorrectly argues in her opposition that defendants admit plaintiff abided by the dispersal order and was walking across the bridge into Manhattan. (Pl. Opp. 2, 6). Instead, it cannot be disputed that video evidence shows plaintiff was interfering with the officers' attempt to disperse the group of protestors off the Brooklyn Bridge by locking arms with other protesters, holding her ground, and refusing orders to immediately leave the bridge. (Ibrahim Declaration dated September 8, 2022, Exhibit A at 16:57). See Fana v. City of New York, 15-cv-8114 (PGG), 2018 U.S. Dist. LEXIS 51579, 2018 WL 1581680, at *8 (S.D.N.Y. Mar. 27, 2018))(a finding of physical interference 'may be predicated on refusal to obey orders to leave a premises, to step back from an accident scene, or to keep away from an area where a disturbance is taking place). Therefore, officers had probable cause to arrest plaintiff for OGA.

The officers also had probable cause to arrest plaintiff for failure to disperse in violation of Penal Law § 240.20(6). Whether the police had probable cause to arrest an individual for defying a police order turns on two factors. Case v. City of N.Y., 408 F. Supp. 3d 313, 321 (S.D.N.Y. 2019).  The first is whether, and to what extent, the police communicated their orders to the entire

3

crowd. <u>Dinler v. City of New York</u>, 04 Civ. 7921, 2012 U.S. Dist. LEXIS 141851, 2012 WL 4513352, at *10 (S.D.N.Y. Sept. 30, 2012). "The second is whether the demonstrators were given an opportunity to comply with those orders—that is, whether they indeed refused to do so." <u>Id</u>. Plaintiff does not contest that officers made several dispersal orders and that plaintiff heard them. Additionally, the BWC videos show that officers gave several clear orders to continue walking off the bridge into Manhattan, yet plaintiff defied those orders by continually stopping, then by locking arms with other protesters, and again stopping and refusing to continue walking off the bridge. Therefore, it was reasonable for officers to believe that plaintiff was refusing to comply with the dispersal order in violation of Penal Law § 240.20(6) and arrest her. <u>Johnson v. City of N.Y</u>., 2019 U.S. Dist. LEXIS 10867, at *2 (S.D.N.Y. Jan. 23, 2019)( probable cause to arrest protester for failure to disperse where plaintiff started to walk and then stopped).

## C.      Plaintiff Has Not Sufficiently Pled an Excessive Force Claim

As an initial matter, while plaintiff in her opposition relies on <u>Baker v. City of New York</u>, her FAC is devoid of any allegations that plaintiff complained to officers about her handcuffs, that "the unreasonableness of the force was apparent," or that plaintiff signaled her distress "verbally or otherwise, such that a reasonable officer would have been aware of plaintiff's pain." 551 F. Supp. 3d 258, 266 (S.D.N.Y. 2021). Therefore, plaintiff has not sufficiently pled an excessive force claim based on tight handcuffing.

Next, while plaintiff's opposition argues that an officer intentionally pulled down her pants, it is unsupported by video evidence. It is painfully clear in the video that plaintiff's loose fitting pants inadvertently fell down and officers pulled them up once it was safe to do so, and that no officer ever intentionally removed any part of plaintiff's clothing or forced plaintiff to remain in the partial nude for any period of time longer than necessary. (Ibrahim Decl., Exhibit C at 6:23, Exhibit D 1:14 to 3:02). Plaintiff also improperly argues that she remained with her pants down

4

until she arrived at the police station for processing, even though plaintiff failed to plead such allegations in her FAC.

Finally, plaintiff incorrectly argues in her opposition that defendants concede that plaintiff was not resisting arrest. Instead, it is clear from the video evidence that, in the 20 seconds it took officers to effectuate plaintiff's arrest, she is seen resisting arrest by moving her body and arms, and kicking her legs. (Ibrahim Decl., Exhibit A at 14:59-15:15). Officers are seen quickly taking her to the ground in a reasonable manner and then placing her in handcuffs. As discussed in defendants' moving papers, the videos produced by defendants and relied upon by plaintiff in drafting her FAC show plaintiff's entire interaction with police from the time the dispersal orders were given up until she is placed in a holding cell at the precinct. The videos show that the officers' actions were reasonable in light of the circumstances and do not amount to excessive force. Therefore, plaintiff's claim for excessive force, and the state law claims of assault and battery fail.

**D.    The Officers Are Entitled To Qualified Immunity For Plaintiff's False Arrest Claim**

First, plaintiff argues in her opposition that defendants are not entitled to qualified immunity because defendants were not entitled to interfere with the protest as defendants have not alleged a clear and present danger of riot, imminent violence, interference with traffic or other immediate threat to public safety and because officers had blocked the bridge and were following the protest. However, not only is her FAC completely devoid of any of those facts, it is common knowledge that the Brooklyn Bridge is a vital and extremely busy highway connecting Manhattan to Brooklyn. Furthermore, plaintiff's FAC does not allege that this protest was permitted or had prior authorization from NYPD. Thus, the protestor's mere presence on the roadway of the bridge was unlawful and interfered with vehicular traffic. The fact that officers attempted to guide the protestors off the bridge to ensure their safety and reopen the bridge to vehicular traffic does not suggest that the protest did not interfere with traffic or cause a public inconvenience.

In addition, plaintiff's attempt to distinguish this case from <u>Garcia v. Doe</u>, 779 F.3d 84 (2d Cir. 2015) fails because it relies an allegation that was not pled in her FAC – that NYPD allowed the protest at issue to continue. Moreover, while <u>Garcia</u> may be slightly factually distinguishable, the Court's analysis is not. In <u>Garcia</u>, the Court was not concerned with whether plaintiffs' asserted belief that officers had given them implied permission to violate traffic laws would constitute a defense. <u>Id.</u> The Court's analysis centered on "whether any such defense was so clearly established as a matter of law, and whether establishing that defense was so clearly apparent to the officers on the scene as a matter of fact, that any reasonable officer would have appreciated that there was no legal basis for arresting plaintiffs." As in <u>Garcia</u>, plaintiff here points to no clearly established law to show that a reasonable officer would believe there was no legal basis for arresting a person who was unlawfully present on the roadway of the Brooklyn Bridge and refused to comply with an order to disperse by locking arms with other protestors and refusing to continue walking. Because it was reasonable for officers to believe plaintiff was unlawfully present on a highway, obstructing government administration, and refusing to disperse, they are entitled to qualified immunity.

E.      **Defendants Are Entitled To Qualified Immunity for Plaintiff's Excessive force claim**

Plaintiff cites to <u>Jones v. City of Hartford</u>, 285 F. Supp. 2d 174, 184 (D. Conn. 2003) to support her claim that the officers are not entitled to qualified immunity for the excessive force claim. However, not only is <u>Jones</u> not binding precedent on this Court, it is also factually distinguishable. In <u>Jones,</u> the Court found that it was plausible for a jury to believe plaintiff's account of events, and therefore summary judgment was not appropriate. Unlike <u>Jones,</u> plaintiff's entire interaction with police here is captured on BWC video, which directly contradicts plaintiff's claims that officers beat her and intentionally removed her clothing. As argued more fully in our moving papers, the officers' actions were reasonable and they are entitled to qualified immunity.

F.      **Plaintiff's Failure To Intervene Claim Fails**

Plaintiff argues that other officers did not intervene when officers intentionally removed plaintiff's clothing. However, as the video clearly shows, since plaintiff's loose fitting pants inadvertently fell down, and officers promptly pulled up her pants 79 seconds later after arriving at the transport van and donning gloves, there was nothing to intervene. (Ibrahim Decl, Exhibit C-D). As there is no constitutional violation, plaintiff's failure to intervene claim must fail. Feinberg v. City of New York, No. 99 Civ. 12127, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004).

## G.    Plaintiff Has Failed To Plausibly Allege Municipal Liability

Plaintiff's opposition contends that she has plausibly alleged municipal custom or practice and failure to train theories that caused her to be falsely arrested on April 24, 2021. To demonstrate a custom or practice, however, plaintiff must allege that the City has a pattern "so persistent and widespread as to practically have the force of law." Nigro v. City of New York, 19 Civ. 2369 (JMF), 2020 U.S. Dist. LEXIS 166316, at *17 (S.D.N.Y. Sept. 11, 2020) "[T]he mere assertion…that a municipality has a custom or policy is insufficient in the absence of fact tending to support, at least, such an inference." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). Plaintiff's custom or practice municipal liability claim fails for a number of reasons.

Plaintiff points to her purported pleading of "three government reports as well as a number of other federal civil rights lawsuits arising from NYPD's treatment of protestors from the same time period and lawsuits and reports arising from past NYPD protest policing." (Pl. Opp. 18). This is insufficient. First, plaintiff does not allege that any of the civil lawsuits referred to have resulted in an "adjudication of liability," which has been a basis of courts to reject the argument that the mere existence of civil complaints is sufficient to plead an unlawful "custom or usage." See e.g. An v. City of New York, 230 F. Supp.3d 224, 229-230 (S.D.N.Y. 2017) (dismissing custom or practice municipal liability claim where cited to lawsuits did not result in adjudications against defendant). Second, plaintiff does not point to anything in such lawsuits that resembles her

7

allegations here, i.e., that she was walking on the roadway of the Brooklyn bridge, that she should have been excused from being arrested because the officers' dispersal order somehow gave her explicit permission to remain on the roadway of the Brooklyn Bridge, and that officers allegedly intentionally removed her clothing forcing her to stand on the Brooklyn Bridge partially nude. See Nigro, supra, at *17-18 (dismissing custom or practice claim, in part, as other incidents cited to were not similar to plaintiff's underlying constitutional claim).

Plaintiff next contends that the DOI, Corporation Counsel, and Human Rights Watch reports referred to in her FAC are sufficient to plausibly allege a custom or practice. They are not as these reports are not "sufficiently connected to the specific facts of th[is] case" McLeod v. Llano, 17 Civ. 6062 (ARR), 2019 U.S. Dist. LEXIS 39925, at *19 (E.D.N.Y. Mar. 12, 2019). First, all three reports are related to the Summer 2020 protests and were published in September and December 2020, which pre-dates the date of incident in this case. Further, the Human Rights Watch report referred to a single protest that occurred on June 4, 2020 in the Bronx. See An, 230 F. Supp 3d at 230 (finding no widespread custom "at the time of plaintiff's arrest").

Plaintiff's FAC is also completely devoid of allegations connecting these reports to the specific allegations she now makes, namely that that she was walking on the roadway of the Brooklyn bridge, that she should have been excused from being arrested because the officers' dispersal order somehow gave her explicit permission to remain on the roadway of the Brooklyn Bridge, and that officers allegedly intentionally removed her clothing forcing her to stand on the Brooklyn Bridge partially nude. Thus, in sum, plaintiff has failed to plausibly allege a municipal custom or practice. See Nigro, supra, at *18 ("ninety-six incidents over two years is not, without more, enough to establish that the City had a policy or practice of retaliating against the media at the time of Nigro's arrest.").

8

Plaintiff appears to rely on the same factual allegations in support of her failure to train theory. Plaintiff concedes that an element of such claim is "deliberate indifference" on the part of the City to the point of a "moral certainty." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007). However, plaintiff's FAC fails to allege, plausibly, a "pattern of similar constitutional violations by untrained employees." See Connick, supra, at 62. First, plaintiff has failed to plead that the City did not investigate any such "similar incidents." See An, 230 F. Supp. 3d at 231 (complaint was inadequate as there was no allegation that the City, once on notice of a deficiency in its training programs, failed to investigate any such inadequacy). The DOI and Corporation Counsel reports cited by plaintiff were completed by City agencies in relation to the NYPD's policing of the summer 2020 protests and included recommendations of re-training and policy changes that were implemented by NYPD prior to plaintiff's incident. Thus, "Deliberate indifference" is not plausibly alleged.

Second, plaintiff has failed to respond to the City's meritorious argument that the complaint fails to allege a specific deficiency in any of the City's training programs that is closely related the injury she claims. See Wray v. City of New York, 490 F.3d 189, 196 (2d Cir. 2007). "Even at the pleading stage, some 'non-conclusory allegation of deficient training programs is necessary.'" Isaac v. City of New York, 16 Civ. 4729 (KAM)(RLM), 2018 U.S. Dist. LEXIS 132995, at *55 (E.D.N.Y. Aug. 6, 2018) (M.J. Mann). Therefore, plaintiff's municipal liability claims fail.

**H.    Plaintiff's Emotional Distress Claims Are Not Properly Pled**

As discussed in defendants' moving papers, the videos indisputably show that plaintiff's loose fitting clothing was not intentionally removed by officers, and that it fell down inadvertently. Therefore, any claims for intentional infliction of emotional distress fail on that basis. Further, plaintiff's argument in her opposition that an officer stated "she mooned the shit out of me" caused plaintiff distress is disingenuous. It is clear from the BWC videos that it would have been

9

impossible for plaintiff to even hear this statement because when the officer made this statement, plaintiff was already inside the transport van and this officer was walking back to catch up with the protest. Further, any claims that plaintiff suffered severe emotional distress are belied by the fact that plaintiff is heard laughing, joking and belittling the officers immediately after her arrest.

Moreover, plaintiff argues she has a viable claim under the direct duty theory for negligent infliction of emotional distress because plaintiff informed officers that she was epileptic prior to her arrest and they ignored her. This argument also fails. First, plaintiff cites to no case law to suggest that plaintiff's condition of epilepsy creates a special duty of care for the officers effecting her arrest. Second, even if it did, video evidence does not support plaintiff's allegations that she informed officers that she was epileptic prior to her arrest and that they ignored her. Therefore, plaintiff's claims of emotional distress cannot survive.

## I.    There Is No Notice Requirement For An Application For Costs Under §1927

Defendants do not seek sanctions under Fed. R. Civ. P 11. Defendants are seeking reasonable costs for fees incurred due to plaintiff's unreasonable and vexatious multiplication of the proceedings in this case pursuant to 28 U.S.C. § 1927. See Stewart Park & Reserve Coalition v. Slater, 352 F.3d 545, 561 (2d Cir. 2003). There is no notice requirement for an application for costs under 28 U.S.C. § 1927, and plaintiff cites to no case law to show otherwise. More importantly, plaintiff does not deny vexatiously multiplying the proceedings in this case and failed to respond to any of defendants' arguments for costs under §1927. Therefore, the Court should deem any arguments she may have had on the subject abandoned and grant defendants' application for costs. See EMA Fin., LLC v. 5barz Int'l, Inc., 18-CV-4995 (VEC), 2019 U.S. Dist. LEXIS 230418, at *29-30 (S.D.N.Y. Sep. 18, 2019) (defendants, for their part, failed to respond to Plaintiff's request for attorney's fees and costs at all; any complaints or arguments they may have had on the subject are therefore abandoned).

## CONCLUSION

For the reasons set forth in the defendants' moving papers, and herein, defendants request that the Court grant their motion to dismiss plaintiff's First Amended Complaint and grant defendants' application for reasonable costs for fees incurred pursuant to 28 U.S.C. § 1927.

Dated:      New York, New York
            October 6, 2022


                            SYLVIA HINDS-RADIX
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendant City of New York
                            100 Church Street, Room 3-133b
                            New York, New York 10007
                            (212) 356-3519


                            By:    /s/ *Nadine Ibrahim*
                                   _____
                                   Nadine Ibrahim
                                   *Senior Counsel*

11