UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIA BEACH,<br><br>                              **Plaintiff,**<br><br>-against-<br><br>CITY OF NEW YORK, ET. AL.,<br><br>                              **Defendant.** | 1:21-cv-06737 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Malia Beach submitted a motion for reconsideration of this Court's August 28, 2023 Order dismissing with prejudice the First Cause of Action in the First Amended Complaint ("FAC") for excessive force under 42 U.S.C. § 1983 and New York state law on substantive and qualified immunity grounds. The City of New York, Sergeant Gerard Dowling, Sergeant Roberto Dominguez, Police Officer Andy Collado, and Police Officers John Does #1-6, in their individual and official capacities (collectively, "Defendants") oppose this motion. For the reasons set forth below, this motion for reconsideration is **DENIED**.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the FAC. On April 24, 2021, at approximately 7:00 pm on the Brooklyn Bridge, Plaintiff participated in a protest, where police officers instructed the protestors to disperse and walk forward across the bridge towards Manhattan. FAC ¶¶ 16-17. Plaintiff alleges that the Defendants unlawfully detained and assaulted Plaintiff. *Id*. at ¶ 15. An officer pushed back on the protestors and instructed them to move back, which contradicted another officer's instruction to walk forward. *Id*. at ¶ 17. Defendant Sergeant Dominguez then pepper sprayed the crowd, which sprayed Plaintiff at close range in her face, and threw her to the ground. *Id*. at ¶¶ 18-19. Plaintiff

claims that she informed officers that she was epileptic prior to her arrest and assault. *Id*. at ¶ 19. The officers allegedly then assaulted plaintiff with their arms, hands, and batons and beat the Plaintiff's head and body *Id*. at ¶ 21. As the officers arrested her, Plaintiff moved her body and arms as an officer instructed her to "stop resisting." ECF No. 41-1, AXON Body 2 Video 2021-04-24 2231 ("Exhibit B") at 15:25. Plaintiff claims that officers pulled her shirt up and her pants down, which exposed her stomach, bra, and buttocks as they arrested her and then transported her into the NYPD van. *Id*. at ¶¶ 22, 24-26. Plaintiff further alleges that the officers "deliberately tightened the flex cuffs to the point where plaintiff lost feeling in her fingers." *Id*. at ¶ 23.

## PROCEDURAL HISTORY

On August 11, 2021, Plaintiffs filed an initial complaint against the City of New York, alleging excessive force, false arrest, assault, battery, and failure to intervene pursuant to 42 U.S.C. § 1983 and New York state law. ECF No. 3. On July 21, 2022, Plaintiff filed an amended complaint to address deficiencies after she was granted leave to amend. ECF No. 35.

On September 8, 2022, Defendants filed a motion for judgment on the pleadings and dismissal with prejudice of the FAC, where Defendants attached the officer's bodycam footage. ECF Nos. 40-42. On September 29, 2022 Plaintiff filed an opposition to Defendants' motion to dismiss. ECF Nos. 43-44. On October 6, 2022, Defendants filed its reply memorandum of law in further support of its motion to dismiss the First Amended Complaint. ECF No. 45.

On October 5, 2023, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 59(e). ECF Nos. 59-61. On November 2, 2023, Defendants filed an opposition to Plaintiff's motion for reconsideration. ECF No. 64. On November 10, 2023, Plaintiffs filed its reply memorandum of law in support of their motion for reconsideration. ECF No. 65. This Court considers this motion fully briefed.

**STANDARD OF REVIEW**

To succeed on a motion for reconsideration under Rule 59(e), the movant carries a heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted).  A Rule 59(e) motion is not intended as a vehicle for a party dissatisfied with the Court's prior ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues that have already been decided.  See *Griffin Ind., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999).  Indeed, the standard for granting a Rule 59(e) motion "is strict, and reconsideration will generally be denied." *Ursa Minor Ltd. v. Aon Financial Products, Inc.,* 2000 WL 1279783 at *1 (S.D.N.Y. Sept.8, 2000) (citation omitted); *see also Range Road Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000).

Under Local Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the Court on the underlying motion that the movant believes the Court overlooked and that might reasonably be expected to alter the court's decision.  See *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3).  Failure to "demonstrate that the Court overlooked controlling law or factual matters that had been previously put before it" is a clear denial of a motion for reconsideration.  *Abdullah-Sadiq v. Behringer, No. 17-CV-0270 (TPG), 2017 WL 5508477*, at *1 (S.D.N.Y. Mar. 17, 2017).

**DISCUSSION**

Plaintiff has failed to show sufficient material facts that warrant reinstating the excessive force claim set forth in the First Cause of Action of the FAC. Specifically, Plaintiff requests that this Court reconsider its decision to dismiss the excessive force claims that "Defendants hit or kicked [Plaintiff] as alleged" and the claims based on either Defendants' stripping Plaintiff partially naked or failing to promptly and reasonably re-dress her (or allow her to re-dress). ECF No. 51 at 8. In the instant motion for reconsideration, the Plaintiff argues that 1) the Court erred in relying on four BWC videos as support for its decision to dismiss the excessive force claims; 2) the Court erred in failing to accept all factual allegations in the FAC as true and draw all reasonable inferences in the Plaintiff's favor, and 3) newly discovered evidence conflicts with the Court's interpretation of that evidence, which further demonstrates that dismissal of the FAC was inappropriate. ECF No. 61. This Court will address each argument separately.

### I.     Reliance on BWC Footage

This Court finds that the Plaintiffs relied on the BWC footage when drafting the FAC and that the Court did not err in determining that the BWC footage does not support Plaintiff's excessive force claim. In the instant motion, Plaintiff argues that the Court erred when dismissing the excessive force claim by relying on the BWC footage because i) the BWC footage was not integral to the FAC and 2) the Plaintiff did not rely on it when drafting the FAC. Here, Plaintiffs do not allege an intervening change of controlling law; the existence of a new law; the need to correct an error; or the need to prevent a manifest injustice that should be considered in the motion for reconsideration. Instead, Plaintiff claims that her choice not to submit the footage in opposition to the motion to dismiss supports her argument that she did not rely on the BWC when drafting the FAC. These arguments are unrelated.

"Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed." *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017) (emphasis omitted) (collecting cases); *see also Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." (alterations omitted) (quoting *Bill Diodato Photography LLC v. Avon Prods., Inc.*, No. 12-CV-847, 2012 WL 4335164, at *3 (S.D.N.Y. Sept. 21, 2012))).

Here, the Court correctly held that the BWC footage was integral to the complaint because the videos depict the interactions between Plaintiff and law enforcement at the time of the alleged incident. The Plaintiff's own admissions to this Court further support this where they state that "Plaintiff filed a motion for leave to amend the complaint to reflect information obtained after viewing some of the BWC footage. If granted leave to amend, Plaintiff's First Amended Complaint will incorporate facts obtained from viewing all of the obtained BWC footage as provided for by Defendants." ECF No. 33 at 1-2. Indeed, these statements suggest that the Plaintiff incorporated facts from the BWC footage when amending her complaint.

Furthermore, Plaintiff misconstrues *Hyman v. Abrams*, 630 Fed.Appx. 40, 42 (2d Cir. 2015) by arguing the Second Circuit established a bright line rule that video "may only be used on a motion to dismiss to contradict a complaint where it renders implausible or simply contradicts allegations." ECF No. 61 at 1. It is well established in the Second Circuit that the

courts are permitted to consider video footage if the Plaintiff relied upon it when preparing the complaint. When specific interactions give rise to claims, recordings thereof are often deemed integral to the complaint. *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 808 F. Supp. 2d 634, 636 n.4 (S.D.N.Y. 2011) ("[B]ecause [the defendant's] unauthorized audio recording of the call, submitted in support of its motion to dismiss, is 'integral' to the complaint, I may consider both in ruling on the motion to dismiss without converting it to one for summary judgment."). This is particularly true where the claims at issue are brought under § 1983. *Barkai v. Mendez*, 629 F. Supp. 3d 166, 176 (S.D.N.Y. 2022). Indeed, Plaintiff's argument that she did not rely upon the BWC footage in drafting the FAC fails. Therefore, the Court was permitted to consider the BWC footage when assessing the claims in the motion to dismiss because Plaintiff relied upon it when preparing the FAC and drew all reasonable inference in the Plaintiff's favor in its August 28, 2023 opinion. ECF No. 51 at 4.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is **DENIED**. However, this Court hereby grants Plaintiff leave to file a Second Amended Complaint that incorporates the CCRB's findings that officers Liang and Garcia committed sexual misconduct and sexual humiliation on or before **October 21, 2024**. The Clerk of Court is respectfully directed to terminate ECF No. 59.

**SO ORDERED.**

**Dated: September 30, 2024**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**