


```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  December 16, 2024
```

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, N.Y. 10007

**ALEXANDRA CORSI**
*Senior Counsel*
Tel.: (212) 356-3545
acorsi@law.nyc.gov

December 16, 2024

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Maila Beach v. City of New York, et al.*,
      21 CV 6737 (ALC)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the supervisor for the Assistant Corporation Counsel Amy Robinson, who is the attorney of record for defendants City of New York ("City") and Sergeant Gerard Dowling in the above-referenced matter[1]. In that capacity, I write to respectfully request a sixty (60) day enlargement of time, from December 16, 2024 to February 14, 2025, for defendants to respond to the Second Amended Complaint.  This is the first request for an extension of time to respond to the Second Amended Complaint and Plaintiff's counsel Tahanie Aboushi consents to this request.

By way of background, Plaintiff Maila Beach originally filed this § 1983 action alleging claims of false arrest, excessive force, failure to intervene, various state law claims and municipal liability in relation to April 24, 2021 protest she attended. Plaintiff further claims that during the course of her purported unlawful arrest at the protest, she was also unlawfully pepper sprayed and thrown to the ground, and that Officers Liang and Garcia pulled her pants down during the arrest, which exposed her buttocks on the way to the transport vehicle.  Plaintiff claims that ultimately, the related criminal charges were dismissed.

---

[1] As noted *infra*, Ms. Robinson is currently on extended medical leave as of December 13, 2024.

1

As Your Honor may recall, in 2022, defendants filed a fully dispositive motion to dismiss, which was granted in its entirety and Plaintiff's complaint was dismissed, *with prejudice*. (*See* Docket Entry No. 51) In that decision, Your Honor incorporated facts obtained from the relevant Body Warn Camera footage, and: (1) dismissed Plaintiff's false arrest and First Amendment retaliation claims because there was probable cause to arrest; (2) dismissed Plaintiff's excessive force claims; (3) held that the officers are entitled to qualified immunity on the false arrest, First Amendment retaliation, and excessive force claims; and (4) dismissed the failure to intervene, state law and *Monell* claims. Your Honor specifically found that Plaintiff's amended complaint contained "fatal substantive flaws" and that her "claims [were] wholly unsupported by the [body worn camera] footage . . . [and found that] dismissal with prejudice is warranted." (*See* Docket Entry No. 51, p. 15)   Plaintiff thereafter moved for reconsideration of the Court's decision. (*See* Docket Entry Nos. 58-61)

On September 30, 2024, Plaintiff's motion for reconsideration was denied, however, Plaintiff was granted leave to file a Second Amended Complaint to specifically "incorporate the CCRB's findings that officers Liang and Garcia committed sexual misconduct and sexual humiliation." (*See* Docket Entry No. 68) Thereafter, on December 2, 2024, Plaintiff filed a Second Amended Complaint ("SAC") against the defendants, still bringing First amendment retaliation, false arrest, excessive force, failure to intervene, *Monell* and a number of state law claims in relation to the April 24, 2021 incident. (*See generally* Docket Entry No. 75).   As the SAC was filed on December 2, 2024, the City and Officer Dowling's response to the SAC is due today, and based on a review of the docket sheet, it is unclear whether any of the other individual defendants, including Sergeant Dominguez, and Officeres Dominguez, Collado, Liang and Garcia have been served with the SAC.

Now defendants City and Dowling respectfully request a 60-day enlargement of time, from December 16, 2024 to February 14, 2025 to respond to the complaint. The reason for this request is this case is currently in the process of being transferred to a new Assistant Corporation Counsel as Ms. Robinson, who most recently handled this matter for defendants, began extended medical leave as of December 13, 2024 and is therefore no longer be handling this matter. Given the previous Court decisions in this case and the allegations contained in the SAC, the new Assistant Corporation Counsel assigned to the matter will need time to familiarize themselves with this case and the significant procedural history, including the previous motion to dismiss, motion for reconsideration, and the Court's decisions on those motions to determine whether the SAC is ripe for another motion.  Given the above and the upcoming end of year holidays, it is respectfully requested that the Court grant defendants an additional 60-days, until February 14, 2025 to respond to the complaint.

I thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Alexandra Corsi*

Alexandra Corsi
*Senior Counsel*
Special Federal Litigation Division
New York City Law Department

cc: **By ECF**
Tahanie Aboushi, Esq.
Attorney for Plaintiff

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

December 16, 2024
New York, NY

3