

|  | **THE CITY OF NEW YORK** |  |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **JONATHAN HUTCHINSON** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | *Senior Counsel*<br>Tel.: (212) 356-2410<br>Fax: (212) 356-3509<br>jhutchin@law.nyc.gov |

March 13, 2025

**VIA ECF**
Honorable Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Maila Beach v. City of New York, et al.,
               21-CV-6737 (ALC)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York and Deputy Chief Gerard Dowling (collectively, "defendants") in the above-referenced matter. The undersigned writes to respectfully request: (1) a thirty (30) day enlargement of time for defendants City and Dowling to respond to the Second Amended Complaint, from March 17, 2025 until April 16, 2025, and (2) that the Court *sua sponte* grant defendants Officer Eric Liang and Officer Carlos Garcia a corresponding extension of time to respond to the Second Amended Complaint. This is the defendants' second such request. Plaintiff's counsel, Tahanie Aboushi, consents to this request.

      By way of relevant background, on August 11, 2021, plaintiff filed his initial Complaint naming the City of New York, the New York City Police Department, Gerard Dowling, and John Does 1-10 as defendants. See ECF No. 3. Plaintiff requested that summonses be issued for defendants City of New York, the New York City Police Department, Gerard Dowling and summonses were issued for defendants City of New York, the New York City Police Department, and Gerard Dowling. See ECF Nos. 6-7. On July 21, 2022, plaintiff filed a First Amended Complaint naming City of New York, Gerard Dowling, Roberto Dominguez, and Andy Collado as defendants. See ECF 35, Exhibit 1. Upon information and belief, and upon review of the docket, no summonses were requested or issued for either Roberto Dominguez or Andy Collado. Further,

upon review of the docket, no affidavits of service were filed indicating service on defendants Roberto Dominguez or Andy Collado.

Upon review of documents purporting to be the documents served on Roberto Dominguez and Andy Collado and provided to the undersigned by plaintiff's counsel, Tahanie Aboushi, it appears that any purported service on Roberto Dominguez and Andy Collado was improper as the summonses attached do not comply with Rule 4 of the Federal Rules of Civil Procedure. The summonses attached appear to have been issued approximately eleven months prior to Roberto Dominguez and Andy Collado being named as defendants in this lawsuit, and are not directed to either of the defendants. Accordingly, upon information and belief, service has not been properly effectuated on defendants Roberto Dominguez and Andy Collado.

On November 29, 2024, plaintiff filed a Second Amended Complaint alleging, *inter alia*, excessive force, unlawful search and seizure, false arrest, failure to intervene, assault and battery, and a claim for municipal liability, as a well as state law claims of intentional and negligent infliction of emotional distress. Plaintiff names the City of New York, Gerard Dowling, Roberto Dominguez, Andy Collado, Eric Liang, Carlos Garcia, and John Does Nos. 1-4 as defendants. See ECF 72. On February 11, 2025, Senior Counsel Jenny Weng filed a letter motion for an enlargement of time to respond to plaintiff's Second Amended complaint on consent, citing the assigned Assistant Corporation Counsel's unexpected departure from the office on medical leave. See ECF 87. The Court granted the defendants' request and extended the deadline for defendants City, Dowling, Liang, and Garcia to respond to the Second Amended Complaint to March 17, 2025. See ECF 83.

The reason for the instant request is the undersigned has recently been assigned to this case and, additionally, was scheduled to begin a trial in the matter of John Doe v. Richard Roe, et al., 22 Civ. 2690 (PKC), in the Southern District before the Honorable P. Kevin Castel on March 17, 2025 until this afternoon. Due to the recency of the transfer and the imperatives of preparing for trial, additional time is needed for the undersigned to familiarize myself with the record, conduct the investigation necessary to properly respond to the Second Amended Complaint, and to resolve representation with defendants Liang and Garcia.

As this Office has not undertaken the representation of defendants Liang and Garcia, the instant request is not made on their behalf. Nevertheless, in the interest of judicial economy, the City respectfully requests that the Court *sua sponte* afford defendants Liang and Garcia a corresponding extension of time to respond to the Second Amended Complaint.

For the foregoing reasons, defendants City and Dowling respectfully request: (1) a thirty (30) day enlargement of time for defendants City and Dowling to respond to the Second Amended Complaint, from March 17, 2025 until April 16, 2025, and (2) that the Court *sua sponte* grant defendants Liang and Garcia a corresponding extension of time to respond to the Second Amended Complaint.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Jonathan Hutchinson*
Jonathan Hutchinson
*Senior Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
Tahanie Aboushi, Esq.
*Attorney for Plaintiff*