

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **JONATHAN HUTCHINSON**<br>*Senior Counsel*<br>E-mail: jhutchin@law.nyc.gov<br>Phone: (212) 356-2410 |

April 16, 2025

**BY ECF**
Honorable Andrew L. Carter
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Maila Beach v. City of New York, et al.,
              21 Civ. 6737 (ALC) (SC)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, Gerard Dowling, Eric Liang, and Carlos Garcia (hereinafter, "defendants") in the above-referenced matter. In accordance with the Your Honor's Individual Rules, defendants respectfully request that the Court schedule a pre-motion conference to discuss their contemplated motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**A. Procedural History**

      Plaintiff filed her initial Complaint, pursuant to 42 U.S.C. § 1983, against defendants the City of New York, the New York City Police Department, Gerard Dowling, and John Does 1-10 alleging, *inter alia*, excessive force, unlawful search and seizure, false arrest, failure to intervene, assault and battery, and a claim for municipal liability, as a well as state law claims of intentional and negligent infliction of emotional distress related to an April 24, 2021 incident. See ECF No. 3. On July 21, 2022, plaintiff filed a First Amended Complaint ("FAC") against defendants the City of New York, Gerard Dowling, Roberto Dominguez, and Andy Collado. See ECF 35, Exhibit 1. On August 28, 2023, the Court granted defendants' motion to dismiss and dismissed plaintiff's FAC with prejudice. See ECF No. 51. On October 5, 2023, plaintiff moved for reconsideration of the Court's August 28, 2023 Order dismissing with prejudice the First Cause of Action in the FAC for excessive force and the New York state law on substantive and qualified immunity grounds. See ECF No. 61 at 1. On September 30, 2024, the Court denied plaintiff's motion for reconsideration, however, the Court granted plaintiff leave to file a second

amended complaint "that incorporates the CCRB's findings that officers Liang and Garcia committed sexual misconduct and sexual humiliation." ECF 68. Plaintiff thereafter filed a Second Amended Complaint ("SAC") against City of New York, Gerard Dowling, Roberto Dominguez, Andy Collado, Eric Liang, Carlos Garcia, and John Does Nos. 1-4 re-alleging all of the claims from the FAC previously dismissed by Your Honor. See ECF 72. For the reasons set forth below, defendants respectfully request permission to move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6).

B. Argument[1]

### a. All of the Claims Re-Asserted in the SAC Remain Deficient and Should be Dismissed

On August 28, 2023, the Court dismissed the FAC with prejudice. Specifically, the Court dismissed: (1) the false arrest and First Amendment retaliation claims because the "facts set forth by Plaintiff do not meet the elements required for a false arrest claim" and there was probable cause to arrest plaintiff for, *inter alia*, blocking the Brooklyn Bridge roadway in violation of traffic laws as plaintiff committed a prima facie traffic violation, ECF No. 51 at 6, (2) the excessive force claims because "[v]ideo evidence does not support Plaintiff's allegations. There is no evidence that defendants hit or kicked her, or that Plaintiff warned the officers at that time that she suffered from epilepsy" and found that "[g]iven the circumstances, Defendants' actions to effectuate Plaintiff's arrest were reasonable" and that video footage "demonstrates Defendants did not intentionally remove Plaintiff's clothing at any time," ECF No. 51 at 8, (3) the failure to intervene claim because there was no underlying constitutional violation, see ECF No. 51 at 11, (4) municipal liability claim because there was no underlying constitutional violation, see ECF No. 51 at 11-12, (5) the New York state law assault and battery claims because there was probable cause to arrest plaintiff and the defendants "lawfully used de minimis force against her to do so," ECF No. 51 at 12, (6) the New York state intentional infliction of emotional distress claim because it is encompassed by the assault and battery claims, see ECF No. 51 at 13, and (7) the New York state negligent infliction of emotional distress claim finding that "the officers owed [plaintiff] no specific duty" as plaintiff only warned officers that she suffered from epilepsy long after her arrest, ECF No. 51 at 13. As an initial matter, defendants note that plaintiff was not granted leave to amend in such a way that merely re-asserts all of the claims and allegations of the FAC, which is precisely what plaintiff has done here. See ECF No. 68 at 6. Defendants respectfully submit that these claims remain insufficient and should be dismissed for the same reasons as those described in the Court's August 28, 2023 Order.

### b. The Claims Against Newly Added Defendants Liang and Garcia Should be Dismissed

Plaintiff was granted leave to amend the complaint to include allegations that Officers Liang and Garcia violated her rights by sexually humiliating her, namely by failing to cover her body with clothing. While plaintiff included in the SAC an allegation that the CCRB

---

[1] In order to comply with the Court's Individual Rules regarding a three-page limit, defendants attempted to keep their arguments brief and did not exhaust all arguments they anticipate making during motion practice.

substantiated allegations of misconduct against Officers Liang and Garcia, see SAC at ¶ 31, plaintiff has failed to plead sufficient facts to support her claims against defendants Liang and Garcia. Instead, the SAC largely re-asserts the same allegations and claims as those already dismissed by this Court. Notably, even following this Court's decision finding that video footage directly contradicts plaintiff's allegation that officers intentionally removed her clothing, plaintiff re-asserts that the defendants affirmatively "stripped" her of her clothing. See, e.g., SAC at ¶¶ 94, 114, 126, 177. The SAC largely consists of allegations that have no bearing on plaintiff's claim against defendants Liang and Garcia alleging that they subjected her to sexual humiliation and fails to sufficiently plead any claim against defendant Liang and Garcia.

Even assuming, *arguendo*, that the SAC complied with the Court's September 30, 2024 Order granting plaintiff leave to amend, the claims against defendants Liang and Garcia should be dismissed based on the very same body-worn camera ("BWC") footage on which the Court relied in dismissing the FAC. See ECF 68 at 6 ("the Court was permitted to consider the BWC footage when assessing the claims in the motion to dismiss") and ECF 51 at 8 ("while Plaintiff's shirt and pants came unfastened during the encounter, there is no evidence that Defendants intended to unfasten her clothing, and they quickly re-adjusted Plaintiff's clothing.").

### c. The Individually Named Defendants are Entitled to Qualified Immunity

On August 28, 2023, the Court granted qualified immunity to the individually named defendants in the FAC. See ECF No. 51 at 8-10. Even if the Court finds that the SAC did comply with the Court's limited grant of leave to amend on any of the re-asserted claims, the defendant police officers are entitled to qualified immunity on the grounds that there was no clearly established law at the time of the incident that covering an arrestee who has become inadvertently uncovered by clothing within seventy-nine seconds was unconstitutional. The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Even where a right is well established, defendants may enjoy qualified immunity if it was objectively reasonable for them to believe that their acts did not violate that right. Robinson v. Via, 821 F.2d 913, 920 (2d Cir. 1987). For the defense of qualified immunity, the Court need only consider those facts that were actually available to the police officers, or could reasonably have been perceived by them at the moment they engaged in the challenged conduct. Lowth v. Town of Cheektowaga, 82 F.3d 563, 567 (2d Cir. 1996). Accordingly, in the context of a qualified immunity defense to an allegation that an arrestee whose clothing was inadvertently disturbed, the defending officer need only show that he had a legitimate basis for his decision to adequately cover the arrestee at the earliest possible moment. Here, it cannot be said that no reasonable officer would have taken plaintiff to the side of a police vehicle, in a place of relative calm and safety and after putting on gloves, before adjusting her clothing. As a result, defendant officers are entitled to qualified immunity.

For the foregoing reasons, defendants respectfully submit this letter to request a pre-motion conference in connection with defendants' contemplated motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ *Jonathan Hutchinson*
Jonathan Hutchinson
*Senior Counsel*
Special Federal Litigation Division

cc: **VIA ECF:**
Tahani Aboushi, Esq.
J. Remy Green, Esq.
*Attorneys for Plaintiff*