# THE ABOUSHI LAW FIRM PLLC

1441 Broadway Fifth Floor  　　　　　　　　　　　　　　　　4922 4th Avenue Second Floor
New York, NY 10018　　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11220
Telephone: (212) 391-8500　　　　　　　　　　　　　　　　　　www.Aboushi.com

July 25, 2025

**BY: ECF**
Honorable Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

　　　　　　　　　RE: Beach v. City of New York, et al.,
　　　　　　　　　　　21-cv-06737 (ALC)

Dear Hon. Judge Carter,

　　　We represent Plaintiff in this matter and write jointly with Defendants pursuant to the Court's request that the parties submit a joint letter regarding resolution of attorney fees.

**Plaintiff's Position**

　　　Plaintiff filed this action on August 10, 2021. Dkt. No.1. Defendants thereafter filed several motions starting with a motion to stay (Dkt. No13), a first motion to dismiss (Dkt. No. 26) to which Plaintiff filed an amended complaint, a motion for sanctions (Dkt. No. 29) and a second motion to dismiss (Dkt. No. 40). The Court granted Defendants second motion to Dismiss. Dkt. No. 51. Plaintiff then moved the court for reconsideration of its decision. Dkt. No. 59. The Court denied Plaintiff's motion and granted Plaintiff leave to file a second amended complaint to include CCRB findings issued after the second motion to dismiss was fully briefed. Dkt. No. 68. Plaintiff filed a second amended complaint on December 02, 2024. Dkt. No. 75. Defendants sought several adjournments to respond to the second amended complaint until April 16, 2025. Dkt. Nos. 82, 83, 87, 88, 90, 92 and 94. On April 16, 2025, Defendants' offered judgment to Plaintiff pursuant to Fed. R. Civ. P. 68. On April 17, 2025, Plaintiff accepted said judgment. On April 21, 2025, Plaintiff filed a notice of acceptance of offer of judgment and proposed judgment with the court. Dkt. Nos. 97, 98.

　　　Plaintiff's lodestar in this case is $82,810 for attorney fees and $2,062 for expenses.[1] That is using a rate of $700 for Tahanie Aboushi and $550 for Remy Green.[2] *See, e.g., Williams v.*

---

[1] Courts determine fees using a "lodestar" method that multiplies reasonable hourly rates by reasonable hours worked (working off of actual hours worked). See, e.g., Perdue v. Kenny A., 559 U.S. 542, 551 (2010); Arbor Hill, 522 F.3d 182 (2d Cir. 2007). The actual hours worked, multiplied by the hourly rate, is treated as a "presumptively reasonable fee," subject to hair cuts for time that was not reasonably spent and the like. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 102-03 (E.D.N.Y. 2020)

[2] Mx. Green was awarded $750/hr in the lower fee-forum in Kings county, albeit in an area of law with typically higher

*Metro–North*, 2018 U.S. Dist. LEXIS 109422, at *23 (S.D.N.Y. June 28, 2018) ($800 partner rates seven years ago)*, R&R adopted in full at* 2018 U.S. Dist. LEXIS 114363, at *1 (S.D.N.Y. July 9, 2018)).

As the current negotiations stand, Plaintiff is at $76,000, and Defendants are at $35,000.

On June 04, 2025 Plaintiff served timesheets with a lodestar of $82,810 for attorney fees and $2,062 for expenses[3]. It was not until June 18, 2025 that defense counsel offered $30,000, a mere 34% of the lodestar. Defense counsel purportedly based this offer upon reducing Plaintiff counsels' hourly rates to $300 and took the position that *no* motion practice in the case — not even Plaintiff's motion for reconsideration that led to leave to amend to add the live claims at the time the offer of judgment was made — were compensable. That position is fundamentally wrong: "a court should not disallow fees for every motion that a prevailing party did not win. Reasonable paying clients may reject bills for time spent on entirely fruitless strategies while at the same time paying their lawyers for advancing plausible though ultimately unsuccessful arguments." *Rozell v Ross-Holst*, 576 F Supp 2d 527, 538 (SDNY 2008). And at bottom, Plaintiff here needed to oppose Defendants' multiple motions, since they *all* attempted to dismiss the entirety of the case — and in that, Plaintiff was ultimately successful, getting across the line to judgment (and judgment that was not offered until Plaintiff effectively prevailed on one of her reconsideration arguments.

Given the extremely low starting point, Plaintiff countered at $83,000. Defendants moved to $35,000. Plaintiff moved to $78,000 and requested the City's position on seeking assistance from the court via a settlement conference since we were still far apart. From there, Defendants refused to make another move until Plaintiff moved *again* and would not provide its position on the request for a settlement conference until Plaintiff did so. Plaintiff moved to $76,000. So, the parties sought the Court's help.

Now for the first time since having the undersigned's billing records for several weeks, Defendants have gone line by line to raise objections beyond motion practice it deemed non-compensable. Corporation Counsel asserts that because it claims service was improper on Defendants Dominguez and Collado that any fees associated with that service is not recoverable. However, Defendants waived service for Defendants Dominguez and Collado and filed the motion to dismiss on their behalf.

**Defendants' Position**

I. T**he Hourly Rate Demanded by Attorneys Aboushi and Green is in Excess of Prevailing Hourly Rates Awarded in the Southern District for Comparable Work**.

As an initial matter, both attorney Aboushi and attorney Green's hourly rate demands are in excess of rates awarded in this Court for comparable work by attorneys with similar experience. By way of example (and mindful of the brevity required in this submission), in Dimopoulou v. First Unum Life Ins. Co., 13-CV-7159 (ALC), 2021 U.S. Dist. LEXIS 22366, 2021 WL 406741, at *6 (S.D.N.Y. 2021), Your Honor awarded an hourly rate of $675 in an action alleging claims under

---

fees. *See Burns v. Hu*, Kings Cty. Index. No. 512267/2021, Decision and Order, NYSCEF Doc. No. 69.

ERISA to an attorney with over 25 years of experience specializing in ERISA claims. In contrast, this matter involved a sole plaintiff who initially alleged, inter alia, false arrest and excessive force claims, and was resolved in the pleading stage without taking any discovery, including expert discovery.

There is support in this Court's decisions for an hourly rate of $400 per hour for an attorney admitted in 2010, such as attorney Aboushi, and $350 per hour for an attorney admitted in 2016, such as attorney Green, who performed more limited tasks. See, e.g., HomeAway.com, Inc. v. City of New York, 523 F. Supp. 3d 573, 595 (S.D.N.Y. 2021) (rates for partners with 25 to 30 years of experience representing plaintiffs in civil rights cases in this District "appear to cluster in the $350-450 per hour range") (citing Salama v. City of New York, No. 13 Civ. 9006 (PKC), 2015 U.S. Dist. LEXIS 88728, 2015 WL 4111873, at *3 (S.D.N.Y. July 8, 2015). Even accounting for an annual rate increase from the 2015 Salama decision, an hourly rate of $400 per hour for attorney Aboushi and $350 per hour for attorney Green is likely at the high end of what "a paying client would be willing to pay," "bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Dimopoulou, 2021 U.S. LEXIS 22366, at *6 (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).

II. **Plaintiff's Attorneys Improperly Seek Fees for Motion Practice in Which Plaintiff was not the Prevailing Party**.

Defendants do not dispute that plaintiff was the prevailing party in this matter, by virtue of the settlement. Fees are not recoverable for the entirety of plaintiff's counsel's work on unnecessary or unsuccessful claims. See Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 536 (S.D.N.Y. May 29, 2008) (citing Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 199)). The timesheet submitted by plaintiff's counsel summarizing the work performed in this matter and the hours sought to be compensated includes hours spent on motion practice in which defendants prevailed. For example, 3.1 hours were spent drafting opposition to defendants' motion for a stay, which the Court granted, albeit in limited fashion; 5.6 hours were spent opposing defendants' Rule 11 motion in response to plaintiff's refusal to withdraw claims that were eventually dismissed; 2.7 hours were spent opposing defendants' first Motion to Dismiss, which was granted; 16.3 hours were spent opposing defendants' second Motion to Dismiss, which was also granted; and 16 hours were spent on plaintiff's Motion to Reconsider, which was only granted in limited part.

All of the above-mentioned hours were spent on motions that plaintiff lost. Plaintiff repeatedly brought the same claims which the Court had previously dismissed and refused to withdraw claims that were patently false and refuted by the body-worn camera video footage of police officers present at the time of plaintiff's arrest. As Your Honor noted, "Video evidence does not support Plaintiff's allegations." See ECF 51 at 8. Following the dismissal of the First Amended Complaint, plaintiff filed a Second Amended Complaint, re-alleging the claims that had been dismissed in their entirety, and now counsel now seeks fees for the entirety of the time spent re-alleging the dismissed claims. Plaintiff's counsel should not be awarded fees for time spent on unsuccessful claims, including fees that accrued opposing defendants' Rule 11 motion concerning claims that were eventually dismissed.

III. **Some of Plaintiff's Attorneys' Fees are for Vague, Clerical, or Duplicative Tasks, and the Costs Cited Were not Necessary for Litigation.**

3

Numerous entries on the timesheet submitted by plaintiff's counsel are for time spent on clerical tasks (for example, "draft and compiled updated and additional HIPAA authorizations"), tasks that are vaguely defined (for example, "review and summarize documents produced in response to FOIL"), or duplicative of co-counsel's hours (for example, the March 24, 2025 "call w/ ACC and co-counsel RG to discuss City's position). In determining the reasonableness of hours expended, this Court can exercise its discretion to use a percentage deduction to "trim[] fat from a fee application." Winkler v. Metro. Life Ins. Co., 200 U.S. Dist. LEXIS 56464, at *7 (S.D.N.Y. Aug. 10, 2006). In Dimopoulou, Your Honor cited 20% and 30% reductions as appropriate. A 30% reduction in the compensable hours claimed by plaintiff's counsels (118.3 hours for attorney Aboushi and 9.2 for attorney Green, when excepting the hours cited for unnecessary or unsuccessful motion practice) would be 82.8 hours and 6.4 hours, respectively. Furthermore, the multiple flights for plaintiff to travel to New York were not necessary for any aspect of the litigation of this matter and the costs cited for service of process are likely artificially high, since the purported service of process on proposed defendants Dominguez and Collado was not proper. Plaintiff's counsel are therefore not entitled to the costs cited as accrued during the litigation of this matter.

IV.  Conclusion

After adjusting plaintiff's counsel's fee demand for non-compensable hours as discussed infra, attorney Aboushi is entitled to compensation for 82.8 hours at a rate of $400 per hour, for a total of $33,120, whereas attorney Green is entitled to compensation for 6.4 hours at a rate of $350 per hour, for a total of $2,240 (collectively $35,360, in sum).

We thank Your Honor for your time and consideration.

Respectfully Submitted,

_____
Tahanie A. Aboushi

J. Remy Green
COHEN & GREEN P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
f: (929) 888-9457
remy@femmelaw.com

cc: All Counsel of Record (via ECF)